**722**

**HEWITT–ROBINS, INCORPORATED,**
**Plaintiff,**

v.

**EASTERN FREIGHT WAYS, INC.,**
**Defendant.**

United States District Court
S. D. New York.

Oct. 4, 1960.

Harry Teichner, Brooklyn, N. Y., for plaintiff.

Goldman & Drazen, New York City, for defendant.

BICKS, District Judge.

Defendant, a New Jersey corporation, is a common carrier by motor vehicle possessed of operating rights over both intra and interstate routes governed respectively by tariffs filed with the New York Public Service Commission, (hereinafter PSC), and the Interstate Commerce Commission, (hereinafter ICC). From January 1, 1953 to February 1, 1955, plaintiff, a New York corporation, tendered a number of unrouted shipments to defendant for carriage between Buffalo, New York and New York City. A number of these shipments were carried over interstate routes necessitating the application of the ICC tariffs rather than the PSC tariffs which would have been applicable had the shipments been wholly intrastate. Alleging that said routing practice was unreasonable, plaintiff commenced this action, premised on section 216, part II of the Interstate Commerce Act, 49 U.S.C.A. § 316, to recover the difference between the amount charged as a result of the interstate shipment and that which would have been charged had the shipments been intrastate.

The motion *sub judice* is to dismiss the complaint and grant judgment for the defendant, in that no justiciable issue is

here presented upon which relief may be granted. This case presents a single question under the Motor Carrier Act: Can a shipper of goods by motor carrier challenge in post-shipment litigation the reasonableness of a carrier's practices in selecting inter or intrastate routes for unrouted shipments, and recover reparations if found unreasonable?

 As is the case when the reasonableness of rates is attacked, Texas & P. R. Co. v. Abilene Cotton Oil Co., 1906, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553, so here, the ICC has primary jurisdiction to determine the unreasonableness of a routing practice and courts are without authority to make such determination, Northern Pacific Ry. Co. v. Solum, 1917, 247 U.S. 477, 483, 38 S.Ct. 550, 62 L.Ed. 1221, Ontario Freight Lines Corp. v. United States, D.C.D.N.J.1948, 76 F. Supp. 526.[1] Plaintiff apparently realized this since, during the pendency of this action, it initiated proceedings before the ICC to determine the question of reasonableness. The ICC made a determination that the routing practice herein was unreasonable and forbade defendant from pursuing it prospectively. An appeal from this decision is pending in the United States District Court for the District of New Jersey.

The contention by plaintiff that the Motor Carrier Act creates a statutory cause of action with respect to reparations for unreasonable routing practices is without merit. T. I. M. E. Inc. v. United States, 1958, 359 U.S. 464, 79 S.Ct. 904, 3 L.Ed.2d 952. And, though at common law "in the absence of shipping instructions it is ordinarily the duty of the carrier to ship by the cheaper route * * * 'if other conditions are reasonably equal' ", Northern Pacific Ry. Co. v. Solum, supra at page 482 of 247

U.S., at page 552 of 38 S.Ct., the savings clause of the Act, 49 U.S.C.A. § 316(j), does not preserve the right of action arising from a breach of that duty, since the issue of reasonableness is referable to the Commission. T. I. M. E., Inc. v. United States, supra at page 474 et seq. of 359 U.S., at page 910 of 79 S.Ct. See also, Riss & Co. v. Association of American Railroads, D.C.1959, 178 F.Supp. 438, 444–445.

Motion granted. Settle order on notice.

---

1. " * * * the rule which requires such preliminary determination of administrative question by the Commission applies to * * * any practice of the carrier which gives rise to the application of a rate. * * *

"The fact that the administrative question presented involves an intrastate as well as interstate route does not prevent the application of the rule, that courts may not be resorted to until the administrative question has been determined by the Commission. It is sufficient if one of the routes is interstate." Northern Pacific Ry. Co. v. Solum, supra at page 483, of 247 U.S., at page 553 of 38 S.Ct.